# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. OLVERA, JR., | CASE NO. 1:11-cv-00791-LJO-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DIRECTOR OF CDCR, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff David A. Olvera, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 16, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell

1

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Complaint

### A. Joinder Requirements

Plaintiff, who is presently incarcerated at California State Prison-Centinela, brings this suit against prison staff for violating his rights under the United States Constitution while he was incarcerated at Pleasant Valley State Prison. As an initial matter, Plaintiff is raising numerous claims based on different events. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

///

In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### B. Plaintiff's Legal Claims

Although lengthy, Plaintiff's complaint consists largely of general and/or conclusory allegations, which will not support any plausible claims for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969. In the sections that follow, the Court will provide Plaintiff with the legal standards applicable to the claims it appears he is seeking to pursue. Plaintiff shall cure the deficiencies in the claims which he believes, in good faith, are viable under section 1983.

#### 1. Access to the Courts

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate cases. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires actual prejudice with respect to planned or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted). In addition, Plaintiff must establish causation by linking the injury complained of to the actions or omissions of one or more named defendants. Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff alleges denial of access to the law library and general denial of access to the courts, but his complaint sets forth no facts showing he suffered any actual injury with respect to litigation.

      **2.**    **Retaliation**

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (quotation marks omitted); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Although Plaintiff alleges he was retaliated against, his complaint falls well short of setting forth sufficient facts to support a plausible claim for relief. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

      **3.**    **Eighth Amendment Claims**

          **a.**    **Excessive Force**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

To the extent that Plaintiff is attempting to state an Eighth Amendment claim based on the incident in which his gloves were snatched from him, the claim fails as a matter of law. There are no grounds presented in the complaint which implicate the Eighth Amendment's prohibition against the use of excessive force.

          **b.**    **Conditions of Confinement**

Plaintiff also asserts that his safety was endangered. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.

Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Plaintiff's complaint contains no allegations supporting his claim that prison officials were deliberately indifferent to a substantial risk of harm to his safety.

### 4. Due Process

#### a. Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.[1]

Plaintiff complains of the intentional or negligent loss or destruction of his property, which is not redressable under section 1983. Hudson, 468 U.S. at 533.

///

---

[1] California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

5

### b. **Deprivation of Liberty**

The Due Process Clause also protects prisoners against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's complaint is devoid of any support for a claim that he was deprived of a protected liberty interest without due process. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718. Plaintiff's argument that he has a protected liberty interest in being housed at a prison near his family is without merit. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983).

### 5. **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges discrimination, his complaint lacks any specific facts showing a discriminatory motive on the part of any defendant or any specific facts showing he was treated differently than other similarly situation inmates.

### 6. Inmate Appeals Process

Plaintiff's dissatisfaction with the inmate appeals process, including how his appeals were processed and what decisions were rendered, will not support a claim for relief. Prisoners do not have a constitutional right to a grievance process and the existence of one does not create any substantive rights upon which Plaintiff may base a federal claim arising out of deficiencies in the process and/or the failure to render a decision in his favor. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### C. Motion for Appointment of Counsel

In his complaint, Plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. For the reasons set forth herein, the Court finds that Plaintiff fails to state any claims under section 1983 and as a result, the Court cannot find that Plaintiff is likely to succeed on the merits. In addition, the

record demonstrates that Plaintiff is more than adequately able to articulate the bases for his claims. Therefore, Plaintiff's motion is denied.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint and in amending, Plaintiff must comply with the applicable joinder rules. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five pages; and

///

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **April 4, 2012**               /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE